Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
Ph: (415) 651-1951
Fax: (415) 956-3233
mark@aoblawyers.com

Attorneys for Plaintiff John Vincent Drucker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Vincent Drucker, <br><br> Plaintiff, <br><br> v. <br><br> Equifax Information Services LLC, <br><br> Defendant. | Case No. CV 11 3091 <br><br> COMPLAINT <br><br> (Fair Credit Reporting Act 15 USC § 1681 *et seq*) <br><br> DEMAND FOR JURY TRIAL |

1. **Jurisdiction and Venue.** This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA). The court has jurisdiction over the FCRA claims pursuant to 15 USC *§1681p*.

2. **The Parties**. Plaintiff John Vincent Drucker is a resident of the city of Mill Valley, California.

3. Defendant Equifax Information Services LLC is a Georgia corporation with its principal place of business in Atlanta, GA. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a (f).

*Drucker v Equifax Info Services*, ND Cal. case no.
Complaint and Jury Demand          1

**First Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681i against Defendant Equifax Information Services LLC**

4. Plaintiff incorporates by reference ¶¶ 1-3.

5. On April 15, 2008, plaintiff and his wife sent a check to $51,858.94 to IRS, which was sufficient to pay the taxes that were the subject of the tax liens. IRS received the check the next day and processed it. With the extra day, plaintiff and his wife owed another $18.

6. Even though all but $18 of the taxes were paid, on April 25, 2008, IRS issued a tax lien against plaintiff and his wife Wendy Drucker in the amount of $48,679.24. IRS recorded the lien in the Dallas, Texas County Court on April 29, 2008 against plaintiff and his wife.

7. IRS later released the tax liens against plaintiff and his wife paid the $18 and brought its records up to date. IRS filed releases of the liens with the Dallas County Court. The fact that the tax liens had been filed and released remained on the Dallas County Court's records.

8. At some point in 2008, Equifax and the other nationwide credit bureaus began reporting the released tax liens on plaintiff's credit reports and his wife's credit reports.

9. In March 2011, IRS announced a change in its policy concerning paid tax liens. While under its previous policy, IRS reported the tax liens as released once the taxes were paid, IRS refused to withdraw the tax liens completely. Under the new policy, IRS allowed taxpayers to apply to have the liens withdrawn. IRS published a form for this purpose, Form 12277, Application for Withdrawal of Filed Form 668(y) Notice of Tax Lien.

10. Once plaintiff and his wife learned of the new IRS policy in April 2011, plaintiff and his wife completed and submitted the IRS forms asking IRS to withdraw the tax liens. In response, on April 19, 2011, IRS withdrew the tax liens against plaintiff and his wife. IRS sent its Form 10916(c), Withdrawal of Filed Notice of Federal Tax Lien to the Dallas County Clerk.

11. On April 29, 2011, plaintiff and his wife sent dispute letters to Equifax, Experian and Trans Union asking that their credit reports be corrected to reflect that the tax liens had been

1 withdrawn.

2   12. In response, Experian and Trans Union deleted the tax lien reports. Defendant Equifax deleted the tax lien report on Wendy Drucker's credit report.

3   13. However, for reasons unknown to plaintiff, Equifax refused to do delete the tax lien report on plaintiff's credit report. On May 6, 2011, Equifax sent plaintiff the results of its reinvestigation, which were that the "paid TAX lien remains on file seven years from the date paid/released." Equifax unhelpfully advised plaintiff that "If you have any additional questions about this item please contact: Dallas County Clerk, 411 Elm St, Dallas, TX 75202-3317."

14. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A). The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i (a) (2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

15. Equifax failed to conduct a proper reinvestigation of the tax lien that plaintiff disputed. Had Equifax checked the Dallas County Clerk's file, it would have seen that the tax lien was withdrawn. Alternatively, Equifax may have known the tax lien was withdrawn, but arbitrarily refused to correct plaintiff's credit report.

//

*Drucker v Equifax Info Services*, ND Cal. case no.
Complaint and Jury Demand                                                                                   3

16. Reporting a withdrawn tax lien on a consumer's credit report is misleading to creditors and as such should not be reported. The existence of the report impacts plaintiff's credit score.

17. As a result of the above-described violations of § 1681i, plaintiff has sustained damages relating to an impaired credit score and emotional distress.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Injunctive relief;
5. Costs and attorneys fees;
6. Such other relief as the Court may deem proper.

Dated: June 21, 2011.     ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: June 21, 2011.     ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiff

*Drucker v Equifax Info Services*, ND Cal. case no.
Complaint and Jury Demand                                              4